## 30114, 30170. BROWNING BUILDERS, INC. v. BOND; and vice versa.

GUNTER, Justice.

These two appeals, by a certificate for immediate review, are by both parties in a lawsuit after a jury trial was unable to resolve their contest. The jury, after lengthy deliberations, was unable to arrive at a verdict, and the trial judge declared a mistrial.

This action began on October 31, 1972, when Mrs. Elizabeth Alford filed her complaint against Browning Builders, Inc. Mrs. Alford died during the pendency of the litigation, and the personal representative of her estate, Mr. Bond, was substituted as a party in her place. However, for purposes of convenience in this opinion we will refer to the parties as Mrs. Alford and Browning.

Mrs. Alford's complaint alleged that Browning had filed a dispossessory action against her seeking to oust her from her premises. It sought to enjoin the dispossessory action; it sought cancellation of a contract between them and a promissory note and security deed from her to Browning executed and delivered in 1970; it sought rescission of foreclosure proceedings that had taken place in August and September of 1971 by Browning pursuant to the terms of the security deed; and it sought cancellation of the foreclosure deed from Browning as her attorney in fact to Browning as a result of the foreclosure.

The complaint alleged that in August of 1970 Mrs. Alford "was in extremely poor health unable properly to manage her affairs and she was suffering from an arteriosclerotic condition which materially and adversely affected her reasoning." The complaint further alleged that Browning with full knowledge of Mrs. Alford's physical and mental condition persuaded her to enter into a management contract for her property, persuaded her to give Browning a promissory note for a small indebtedness then due, persuaded her to give Browning a second-lien security deed on her property, and that Browning thereafter failed to give Mrs. Alford notice of Browning's intention to rely on the terms of the security deed "rather than the departure therefrom contained in the writing

(property management contract) marked Exhibit A."

The trial judge enjoined Browning's dispossessory action pending the outcome of the litigation, and Mrs. Alford remained on the premises until her death on February 5, 1974. Her personal representative was then substituted as a party, and the case proceeded to trial in September of 1974, resulting in a mistrial. Browning's motion for summary judgment prior to trial, motion for a directed verdict during the trial, and motion for judgment notwithstanding the mistrial after the trial were all overruled by the trial judge. Browning has appealed from the denial of the motion for judgment notwithstanding the mistrial, and Mrs. Alford's personal representative has cross appealed enumerating errors alleged to have been committed during the course of the jury trial.

At the conclusion of the evidence the trial judge submitted one issue to the jury: Whether, in the course of dealings between Mrs. Alford and Browning, Browning had perpetrated a fraud upon Mrs. Alford that would warrant cancellation and rescission of the various instruments admittedly executed. In submitting this one issue the court also charged the jury: "In regard to one contention set forth in paragraph 2 of the plaintiff's complaint which reads as follows that the 'plaintiff shows that in August of 1970 she was in extremely poor health unable properly to manage her affairs and she was suffering from an arteriosclerotic condition which materially and adversely affected her reasoning,' I charge you that there is no evidence in this case of any physical condition or mental condition whereby the reasoning abilities of Mrs. Alford were materially or adversely affected."

The trial judge also charged the jury that it was uncontroverted that the parties had entered into the contract in August of 1970 including the second-lien security deed from Mrs. Alford to Browning.

We have reviewed the transcript of the trial and we find these two particular charges of the court to be correct. There was no evidence of incompetency on the part of Mrs. Alford at the time of the execution and delivery of the contract, note, and second-lien security deed or at the time of foreclosure. Also, the evidence is uncontroverted that

she did execute and deliver these instruments.

Plaintiff's Exhibit "H" was introduced into evidence and identified as "a photostat of a copy of a letter given by Mr. Kenmore to Mrs. Alford in August of '71." This letter is as follows:

August 12, 1971

Mrs. Elizabeth Alford
2988 Antioch Road
Macon, Georgia

Re: Second mortgage note to
Browning Builders, Inc.

Dear Mrs. Alford:

This is to notify you that Browning Builders, Inc. has referred the matter of collection of your past due second mortgage note to this office for future handling and foreclosure.

We are informed by our client that payments due on your note of 15 August, 1970, for the amount of $1,770.00 to Browning Builders, Inc. are in default; furthermore, payments on the first mortgage note on the property described in your security deed to Browning Builders, Inc. is also in default for the month of June and July.

You are notified hereby that the terms of your deed to secure debt to Browning Builders, Inc., provides that it may, at its option, declare you to be in default on its second lien security deed in the event you should default under the terms of the first lien security deed to American Federal Savings and Loan Association. Our client elects to declare you in default under the terms of its second lien security deed on the basis of your default on the first lien security deed to American Federal Savings and Loan Association and you are hereby notified accordingly and advised that the terms of your security deed to Browning Builders, Inc., which provide for foreclosure have become operable.

Demand is hereby made for payment in full of all sums due under the terms and provisions of your note to our client on or before ten (10) days after the date of this letter and in the event you should fail or refuse to make the payment demanded, then this office will have no alternative but to proceed with immediate foreclosure of the deed to secure debt given by you to our client to secure

payment of the note in question.

You are further advised that the note and security deed in question provides that if you fail or refuse to pay the note in accordance with its terms and provisions and it is referred to an attorney for collection then you shall also be liable for attorneys' fees, however, Georgia Law requires that you be given ten (10) days notice to pay the principal and interest before attorneys' fees can be collected.

You are further notified that attorneys' fees will be claimed if the principal and interest due on our client's note is not paid within the ten-day period after your receipt of this letter. Please give this matter your immediate attention.

Very truly yours,

Marvin T. Kenmore

MTK:bj
CC: Mr. Fred Browning

After receipt of this letter Mrs. Alford took no action for fifteen months and until after dispossessory proceedings were instituted by Browning.

In view of these pertinent facts set forth, and having reviewed the transcript of the trial, we conclude that there was no evidence presented that would warrant or support a finding by the jury that Browning had perpetrated a fraud upon Mrs. Alford. Said conversely, we think the evidence demanded a finding for Browning on this issue.

It was therefore error for the trial court to deny Browning's motion for judgment notwithstanding the mistrial. In Number 30114 the judgment below is reversed with direction to the trial court to enter judgment in favor of Browning Builders, Inc.

Because our decision in Number 30114 has the effect of terminating this case in favor of Browning Builders, Inc., it is unnecessary for us to consider and determine the errors alleged to have been committed during the trial and enumerated in the cross appeal, Number 30170. A decision on the errors enumerated in the cross appeal would be necessary only in the event of another trial in the trial court. The cross appeal is therefore dismissed as moot.

*Judgment in Number 30114 reversed with direction. Number 30170 dismissed. All the Justices concur.*

ARGUED JULY 8, 1975 — DECIDED OCTOBER 1, 1975.

*Mincey & Kenmore, David L. Mincey, Sylvia G. Haywood,* for appellant.
*Buford E. Hancock,* for appellee.